UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DIST. COUNCIL NO. 2, et al., ) ) ) Plaintiffs, ) ) vs. ) ) TIM O'BRIEN, et al., ) ) Defendants. ) | Case No. 4:12-cv-1632 SNLJ |

**MEMORANDUM and ORDER**

This matter is before the Court on plaintiffs' Motion for Summary Judgment (#58). Although the motion was filed on April 18, 2014, the defendants have not responded. Notably, counsel for the defendants withdrew in August 2013. The Court's order permitting withdrawal ordered the defendant corporations to obtain counsel within 21 days. Months have passed, and the corporations have not yet had counsel enter an appearance. The individual defendants have also remained without counsel, and they have informed the Court that although they have sought to settle the matter with plaintiffs, they will not be hiring counsel to represent themselves or the corporate defendants. (#62.)

**I.     Background**

Defendant T.S. O'Brien, Inc. ("T.S. O'Brien") first entered into a collective bargaining agreement ("CBA") with plaintiff Painters District Council No. 2 ("Painters") and the Painting and Decorating Contractors of America, Chapter #2, on July 1, 1999.

The CBA (and successor CBAs to which T.S. O'Brien was also bound) bound T.S. O'Brien to submit fringe benefits, dues remissions, reports and contributions to the Labor Management Cooperation Fund. Defendants were bound by CBAs at least through 2013 by virtue of defendants' signature on agreements dated 1999, 2001, and 2006 with the Painters Union. Defendants were bound by the "2006-2010 Agreement" in which the defendants agreed that an employer group called the PDCA would "represent the Employer for all collective bargaining purposes during the term of this Agreement, specifically including any and all negotiations with the Union for any renewal or subsequent Agreements." The same Agreement further affirmed that it "shall automatically be renewed from year to year" subject to certain actions. In 2010 the PDCA and Painters Union agreed to a new Collective Bargaining Agreement that bound T.S. O'Brien. T.S. O'Brien also demonstrated its agreement and consent to be bound to the renewed CBA period from 2010 through 2013 by completing and submitting Contribution Reports to the plaintiffs' third party administrator bearing the acknowledgment that "The preparation and submission of this report evidences our agreement to make contributions in accordance with the existing collective bargaining agreement of the Painters District Council No. 2".

Under the terms of the CBAs, T.S. O'Brien was at all relevant times

- obligated to make weekly reports and contributions on all covered employees in its employ, showing the number of hours worked and contributions due.

- obligated to make contributions on a weekly basis to the Trusts and the Labor Management Cooperation Fund.

- obligated to remit Union dues to the Painters.

- bound to the Painters Pension Trust and Plan Agreement ("Pension Agreement"); Painters Welfare Trust Agreement ("Welfare Agreement"); Painters Vacation Plan and Trust Agreement ("Vacation Agreement") and Painters Apprenticeship and Journeyman Training Trust Agreement ("Apprenticeship Agreement").

Defendants Dana and Tim O'Brien are married to each other. Dana O'Brien served as T.S. O'Brien's President, Secretary, and Board of Directors. Tim O'Brien was T.S. O'Brien's Vice-President. On June 9, 1999, Dana and Tim O'Brien, in their individual personal capacities, at the time, but before they signed a collective bargaining agreement on behalf of T.S. O'Brien, signed an unconditional guaranty document labeled "Guaranty of Payment of Wages, Dues Remissions, Fringe Benefit Contributions and Other Miscellaneous Payments" (the "Guaranty").[1] T.S. O'Brien was administratively dissolved in the State of Missouri on or about September 2002. Dana and Tim O'Brien continued to operate and carry on business, in a manner other than for winding up and liquidate its affairs, under the name T.S. O'Brien & Sons, Inc., after the dissolution.

---

[1]The Painters require companies who wish to become signatory to the CBA described above to furnish a personal guaranty on wages, dues remissions, fringe benefit contributions and other miscellaneous payments before an employer becomes signatory to the CBA. Due to the risk of a signatory employer accumulating debt in non-payment to the Painters and the associated Trusts, and for the protection of its bargaining unit members, the Painters rely on the existence of the Guaranty to allow employers to become signatory to a CBA.

Defendant Precise Painting and Wallcovering ("Precise") is the fictitiously registered name of Dana O'Brien. Precise is one in the same as T.S. O'Brien & Sons, Inc.

T.S. O'Brien has not made required contribution reports, monetary contributions and dues remissions since August 28, 2011. Despite the existence of the Guaranty, Dana and Tim O'Brien have failed and continue to fail to act under their obligations created by the Guaranty, damaging the plaintiffs. The Pension Agreement, Welfare Agreement, Vacation Agreement, and Apprenticeship Agreement, along with their Trustees, are third party beneficiaries of the CBA. Article XXII of the Pension Agreement, Welfare Agreement, Vacation Agreement, Apprenticeship Agreement, and CBA provides the Painters and Trusts the right to audit the books of a participating employer when such is deemed necessary or desirable. To determine what, if any, delinquent contributions T.S. O'Brien owed plaintiffs pursuant to the CBA, plaintiffs hired Wolfe Nilges Nahorksi, P.C. ("Wolfe") to examine defendants' earnings records, payroll tax reports, cash disbursement records and payroll journals. Wolfe presented its findings to the defendants to give them an opportunity to dispute its findings and/or calculations. The defendants did not dispute Wolfe's findings that between July 1, 2009 and July 31, 2011, T.S. O'Brien & Sons, Inc. incurred a delinquency of $69,410.82, which includes: delinquent contributions; liquidated damages; interest on the delinquency, and costs incurred as part of Wolfe's determination of those delinquencies.

This litigation was filed as a result of the alleged delinquincies owed to Painters by defendants. Plaintiffs seek summary judgment on their claims.

## II. Legal Standard

Pursuant to Rule 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *Mt. Pleasant*, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to the discussion.

## III. Discussion

As an initial matter, the Court notes that defendants did not respond to the plaintiffs' statement of undisputed facts. Therefore, the Court must deem all of the plaintiffs' facts admitted because defendant did not specifically admit or deny defendants' facts. Fed. R. Civ. P. 56(e); Local Rule 7-4.01(E); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Hernandez v. Jarman*, 340 F.3d 617, 622 (8th Cir. 2003) (party opposing motion "may not rely on mere denials or allegations"). To withstand summary judgment, defendants were required to present material facts supported by citation to the record. *Id*. It appears, however, from the record that many of the facts at issue in this case are not in dispute; indeed, plaintiffs cited to the defendants' Answer to the Complaint for support for many of the material facts they rely upon.

Plaintiffs seek a judgment in their favor in the amount of $77,706.03 for which T.S. O'Brien & Sons, Inc., Precise Painting and wallcovering, Dana O'Brien, and Tim O'Brien are jointly and severally liable. Plaintiffs also seek an order compelling a complete audit of defendants' business records and payroll from July 31, 2011 to present to determine whether additional contributions and dues remissions are due. Plaintiffs also seek continuing contractual and statutory interest on defendants' principal delinquency.

### A. Delinquency Charges

First, plaintiffs contend that T.S. O'Brien is liable for the contributions it was required to pay to the trust funds pursuant to the CBA. Federal law makes clear that an "employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. "Congress intended that this section would simplify actions to collect delinquent contributions, avoid costly litigation, and enhance the actuarial planning necessary to the administration of multiemployer pension plans." *Cent. States, Se. & Sw. Areas Pension Fund v. Indep. Fruit & Produce Co.*, 919 F.2d 1343, 1347 (8th Cir. 1990). In accordance with their agreements, plaintiffs hired their accounting firm, Wolfe, to examine the defendants' records. Wolfe determined that between July 1, 2009 and July 21, 2011, T.S. O'Brien had failed to make contributions to the trust funds on multiple employees totaling 3,361 hours of covered work. Wolf determined that defendants' total delinquency to plaintiffs — before calculation of liquidated damages, interest, and administrative costs — amounted to $46,168.26. Wolfe provided defendants with an opportunity to dispute its findings, and defendants did not do so.

Next, plaintiffs claim that T.S. O'Brien is liable to the Painters for unpaid sums owed under the CBA. T.S. O'Brien was required to submit dues to the Painters under the CBA. It is undisputed that T.S. O'Brien did not do so from July 1, 2009 through July 31, 2011.

In addition, plaintiffs claim T.S. O'Brien is liable for interest, liquidated damages, attorneys' fees, and costs on its unpaid contributions. The CBA and Trust documents allow plaintiffs to recover interest, liquidated damages, attorneys' fees, accounting fees, and other relief prescribed by law. In addition, attorneys' fees, interest, liquidated damages, and costs are authorized by law. 29 U.S.C. 1132(g)(2). Wolfe calculated that, according to the CBA and Trust documents, T.S. O'Brien's delinquency to plaintiffs is $68,442.82 in principal, interest, liquidated damages, and unpaid reported contributions from July 1, 2009 through July 31, 2011. For work solely related to this lawsuit, defendants owed $710.01 in costs and $7,7585.20 in attorneys' fees.

As for the unpaid dues claim by the Painters, as of July 31, 2011, Wolfe calculated unpaid dues to be $1,988.10 in principal and $971.08 in interest. (Those amounts are included in the $68,442.82 total above.) The Painters are also entitled to its share of the attorneys' fees and costs cited above.

**B.      Examination of Records**

The CBA requires T.S. O'Brien to submit to examinations of documents, reports, books, and any other information deemed necessary to assure T.S. O'Brien is complying with its obligations. Since the issuance of the initial audit, T.S. O'Brien has refused to submit the weekly fringe benefit reports to the plaintiffs, as required under the CBA. The plaintiffs' chosen auditors have not received the demanded materials. Without the fringe benefit reports, plaintiffs cannot calculate the total delinquent contributions. The Court will therefor order T.S. O'Brien to submit its books, records and the outstanding fringe

benefit reports for the period of July 31, 2011, thru the present to the plaintiffs for review and copying within ten (10) days from the date of this memorandum and order so that plaintiffs can calculate the total outstanding contributions and damages owed.

  C. **The O'Briens' Personal Guaranty**

Defendants Dana and Tim O'Brien executed a personal guaranty on wages, dues remissions, fringe benefit contributions and other miscellaneous payments. "To recover on a contract of guaranty, the creditor must show (1) that the defendant executed the guaranty, (2) that the defendant unconditionally delivered the guaranty to the creditor, (3) that the creditor, in reliance on the guaranty, thereafter extended credit to the debtor, and (4) that there is currently due and owing some sum of money from the debtor to the creditor that the guaranty purports to cover." *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 382 (Mo. banc 1993).

The undisputed facts here show that the Guaranty is enforceable against Tim and Dana O'Brien because they executed an unconditional guaranty to the Painters, the Painters relied upon the guaranty in allowing T.S. O'Brien to become a signatory employer under the CBA and extending it credit to the Trusts, T.S. O'Brien became delinquent to the plaintiffs and neither Tim nor Dana O'Brien have satisfied T.S. O'Brien's breach. Plaintiffs are thus entitled to judgment against Tim O'Brien and Dana O'Brien, finding them jointly and severally liable for the damages attributable to T.S. O'Brien & Sons, and Precise Painting and Wallcovering, against plaintiffs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Summary Judgment is **GRANTED**.

Dated this   30th   day of July, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE